McGREGOR W. SCOTT
United States Attorney
LUCILLE GONZALES MEIS
Regional Chief Counsel, Region IX
Social Security Administration
SARAH RYAN, SBOT 17479500
Special Assistant United States Attorney

    333 Market Street, Suite 1500
    San Francisco, California 94105
    Telephone:  (415) 977-8943
    Facsimile:  (415) 744-0134
    E-Mail: sarah.ryan@ssa.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

**FRESNO DIVISION**

| | |
|---|---|
| MARY L. WALLEN,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE[1],<br>Commissioner of<br>Social Security,<br><br>    Defendant. | CIVIL NO. 1:06-1107 AWI DLB<br><br>STIPULATION AND ORDER FOR REMAND PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g), and<br><br>REQUEST FOR ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT |

    IT IS HEREBY STIPULATED, by and between the parties, through their respective counsel of record, that this action be remanded to the Commissioner of Social Security for further administrative action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), sentence four.

    On remand, the Appeals Counsel will instruct the Administrative Law Judge ("ALJ") to take the

---

[1] Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should, therefore, be substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

following actions:

    1. Update the present record and permit Plaintiff to present new evidence as desired;

    2. Specifically define all of Plaintiff's assessed limitations in the residual functional capacity found by the ALJ (e.g., if the ALJ assesses "occasional postural activities," and enumerate the specific postural functions. If the ALJ assesses "low stress settings," that term should specify what kind of stress, such as meeting production quotas, or interacting with the public, co-workers or supervisors, etc., is meant);

    3. Obtain vocational evidence regarding the impact of the assessed limitations on the Plaintiff's occupational base, including what jobs, if any, she could perform; and,

    4. Fully articulate the basis for the decision.

The parties further request that the Clerk of the Court be directed to enter a final judgment in favor of plaintiff, and against defendant, Commissioner of Social Security, reversing the final decision of the Commissioner.

                                                Respectfully submitted,

Dated: February 13, 2007           /s/ Robert D. Christenson
                                         (As authorized via *facsimile/e-mail/telephone)
                                         ROBERT D. CHRISTENSON
                                         Attorney for Plaintiff

Dated: February 13, 2007           McGREGOR W. SCOTT
                                         United States Attorney
                                         LUCILLE GONZALES MEIS
                                         Regional Chief Counsel, Region IX
                                         Social Security Administration

                                         */s/ Sarah Ryan
                                         SARAH RYAN
                                         Special Assistant U.S. Attorney

    IT IS SO ORDERED.

    Dated:   **February 21, 2007**                  /s/ **Dennis L. Beck**
3b142a                                                 UNITED STATES MAGISTRATE JUDGE